IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-00751-WJM-MEH

BRIAN HINMAN,

    Plaintiff,

v.

JONATHAN JOYCE; and
THE CITY AND COUNTY OF DENVER, COLORADO

    Defendants.

## PROTECTIVE ORDER

Each Party and each Counsel of Record stipulate and move the Court for the entry of a Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure concerning the treatment of Confidential Information, and, as grounds therefor, state as follows:

1.    The nature of the claims, defenses, and damages asserted in this lawsuit involve discovery of documents and information containing Confidential Information (as defined in paragraph four below).

2.    The purpose of this Protective Order is to preclude disclosure of Confidential Information to any person or entity not subject to this litigation as defined in this Protective Order. The disclosure of such information outside the scope of this litigation could result in significant injury to one or more of the Parties' business or privacy interests.

3.    The Parties have entered into this stipulation and request the Court enter the within Protective Order for the purpose of preventing the disclosure and use of Confidential

Information except as set forth herein, and for the purpose of prohibiting the Parties from using or disclosing the Confidential Information for any purpose other than this litigation.

4. "Confidential Information" means any document, file, portions of files, deposition or transcribed testimony, or response to a discovery request, including any extract, abstract, chart, summary, note, or copy made therefrom, which contains information that is confidential and implicates common law and statutory privacy interests of the individuals who are named, and may include, but is not necessarily limited to, medical records, sealed criminal records, internal affairs investigation files, personnel files, training records and/or other employment records that pertain to any party or third-party, which are not made available to the public, and as to which a reasonable expectation of privacy or confidentiality exists.

5. Information designated as confidential must first be reviewed by the attorney for the designating Party, who must have a good faith belief that the information is confidential or otherwise entitled to protection under Fed. R. Civ. P. 26(c). *Gillard v. Boulder Valley Sch. Dist.*, 196 F.R.D. 382, 386 (D. Colo. 2000).

6. When Confidential Information is produced, provided or otherwise disclosed by a Party in response to any discovery request, it will be designated in the following manner by:

    a. imprinting the word "Confidential" on the first page or cover of any document produced or otherwise imprinting the word "Confidential" on each page in such a manner as not to obscure the text;

    b. imprinting the word "Confidential" next to or above any discovery, disclosure, or response to a discovery request;

      c. communicating via email to all counsel of record with the disclosure that certain specifically identified sets of records or information are confidential; and/or

      d. designating deposition testimony as "Confidential" or containing "Confidential Information" on the record at the time of the deposition, or by designating portions of depositions as "Confidential" after transcription, provided written notice of the designation is given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

7. All Confidential Information provided by a Party in response to a discovery request or transcribed testimony shall be subject to the following restrictions:

      a. It shall be used only for the purposes of this litigation and not for any other purpose;

      b. It shall not be communicated or disclosed by any Party's counsel or a Party in any manner, either directly or indirectly, except for purposes of this litigation, to anyone other than those specified in this subparagraph:

          (i) attorneys actively working on this case;

          (ii) persons regularly employed or associated with the attorneys actively working on this case, whose assistance is required by said attorneys for the purpose of this litigation;

          (iii) the Parties and designated representatives of the City and County of Denver, Colorado;

          (iv) expert witnesses and consultants retained in connection with this litigation and their staffs, to the extent such disclosure is necessary for the purposes

of this litigation, who execute the attached Exhibit A;

 (v) the Court and its employees;

 (vi) stenographic reporters who are engaged in this litigation;

 (vii) deponents and witnesses who execute the attached Exhibit A; and

 (viii) other persons by written agreement of the Parties.

8. The Party's counsel who discloses Confidential Information shall be responsible for assuring compliance with the terms of this Protective Order with respect to persons to whom such Confidential Information is disclosed and shall retain the original affidavits signed by qualified recipients of Confidential Information and maintain a list of all persons to whom any Confidential Information is disclosed.

9. During the pendency of this action, opposing counsel may upon court order or agreement of the Parties inspect the list maintained by counsel pursuant to paragraph 8 above upon showing of substantial need.

10. No copies of Confidential Information shall be made except by or on behalf of counsel in this litigation for work product purposes, including for review by experts in this case. Any such copies shall be made and used solely for purposes of this litigation, and subject to all restrictions herein.

11. During the pendency of this litigation, counsel shall retain custody of Confidential Information, and copies made therefrom pursuant to paragraph 10 above.

12. A Party may object to the designation of particular Confidential Information by giving written notice to the Party designating the disputed information at any time 75 days prior to trial. The written notice shall identify the information to which the objection is made. If the

Parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the Party designating the information as confidential to file an appropriate motion requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as confidential under the terms of this Protective Order until the Court rules on the motion. If the designating Party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as confidential and shall not thereafter be treated as confidential in accordance with this Protective Order. In connection with a motion filed under this provision, the Party designating the information as confidential shall bear the burden of establishing the grounds for the disputed information to be treated as confidential.

13. In the event it is necessary for the Parties to file Confidential Information with the Court in connection with any proceeding or motion, the Confidential Information shall be filed in accordance with the requirements of D.C.COLO.LCivR 7.2. In addition, any pleadings or briefs quoting or discussing any information designated as confidential will not be accepted for filing "under Restricted Access" or otherwise kept out of the public record in this action, except pursuant to Court Order issued upon motion of the Party seeking to file such information under Restricted Access.

14. The termination of this action shall not relieve counsel or any Party or other persons obligated hereunder from their responsibility to maintain the confidentiality of Confidential Information pursuant to this Protective Order, and the Court shall retain continuing jurisdiction to enforce the terms of this Protective Order, even after this action is terminated.

15. By agreeing to the entry of this Protective Order, the Parties adopt no position as to the authenticity or admissibility of documents produced subject to it, and admissibility of the designated Confidential Information will be reserved for and addressed at trial. Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action.

16. The terms and conditions in this Protective Order survive the termination of this litigation. Within thirty (30) days following the complete conclusion of this matter, including any appeals, each Party's counsel shall either return to the producing Party all Confidential Information provided subject to this Protective Order or shall destroy such information.

17. Nothing in this Protective Order shall preclude any Party from filing a motion seeking further or different protection from the Court under Rule 26(c) of the Federal Rules of Civil Procedure, or from filing a motion with respect to the manner in which Confidential Information shall be treated at trial.

Entered and dated at Denver, Colorado, this 29th day of June, 2015.

BY THE COURT:

*Michael E. Hegarty*

Michael E. Hegarty
United States Magistrate Judge

# AFFIDAVIT

STATE OF COLORADO )
                             ) ss
COUNTY OF_____ )

_____, swears or affirms and states under penalty of perjury:

       1.       I have read the Protective Order in *Brian Hinman v. Jonathan Joyce and The City and County of Denver, Colorado*, United States District Court for the District of Colorado, Civil Action No. 15-cv-00751-WJM-MEH, a copy of which is attached to this Affidavit.

       2.       I have been informed by _____, Esq., counsel for _____, that the materials described in the list attached to this Affidavit are Confidential Information as defined in the Protective Order.

       3.       I promise that I have not and will not divulge, or undertake to divulge to any person or recording device any Confidential Information shown or told to me except as authorized in the Protective Order. I will not use the Confidential Information for any purpose other than this litigation.

       4.       For the purpose of enforcing the terms of the Protective Order, I hereby submit myself to the jurisdiction of the court in the civil action referenced above.

       5.       I will abide by the terms of the Protective Order.

                                                _____
                                                (Signature)

                                                _____
                                                (Print or Type Name)
                                                Address:

                                                _____
                                                _____
                                                Telephone No.: (\_\_\_\_\_) _____

***SUBSCRIBED AND SWORN*** to before me this \_\_\_\_\_ day of _____, 20\_\_\_\_ by _____.

WITNESS my hand and official seal.

                                                _____
                                                Notary Public

[SEAL]

                                                My commission expires:_____

**EXHIBIT A**