IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Civil Action No. 15-cv-0751-WJM-MEH

BRIAN HINMAN,

    Plaintiff,

v.

JONATHAN JOYCE,

    Defendant.

---

**ORDER DENYING PLAINTIFF'S CONVERSION MOTION, WITHDRAWING REFERENCE TO MAGISTRATE JUDGE OF DEFENDANT'S MOTION TO STAY, AND DENYING DEFENDANT'S MOTION TO STAY**

---

    Before the Court is Plaintiff's Amended Motion to Convert Defendant's Rule 12(c) Motion to a Rule 56 Motion and to Stay Briefing to Permit Discovery ("Conversion Motion"). (ECF No. 41.) The Rule 12(c) motion to which Plaintiff refers is Defendant's motion seeking judgment on the pleadings by attempting to rebut the complaint's characterization of what Defendant said at a probable cause hearing. (*See generally* ECF No. 36.) Defendant attaches a transcript of that hearing and argues that the Court may consider it at the Rule 12(c) stage even though it is technically outside the pleadings. (*Id.* at 3 n.1.) Plaintiff argues that the transcript alone does not provide sufficient context and that he requires discovery to develop that context. (ECF No. 41 at 3.) Plaintiff therefore invokes Federal Rule of Civil Procedure 12(d) and asks this Court to convert Defendant's motion to one for summary judgment, and to grant additional time for discovery.

The Court appreciates Plaintiff's awareness of D.C.COLO.LCivR 7.1(d)'s charge that "[a] motion shall not be included in any response or reply to the original motion" but "shall be filed as a separate document," but the Court does not consider a Rule 12(d) conversion argument to require a separate motion.  Rather, Rule 12(d) is self-executing: if the Court intends to consider evidence that it may not consider at the Rule 12(b)(6) or Rule 12(c) stage, the Court "must" treat the motion "as one for summary judgment" and give the parties "reasonable opportunity to present all the material that is pertinent to the motion."

Plaintiff, in his response to Defendant's Rule 12(c) motion, may argue that Defendant relies on materials that should require conversion to summary judgment. However, the Court does not believe that question will be ripe until the Rule 12(c) motion itself is ripe and can be considered on its merits.  Accordingly, the Court denies Plaintiff's Conversion Motion without prejudice to reiterating the substance of the argument in response to the Rule 12(c) motion.[1]

Also before the Court is Defendant's Motion to Stay Discovery and for Protective Order Related to Discovery Already Served ("Motion to Stay").  (ECF No. 37.)  The Court originally referred the Motion to Stay to the Magistrate Judge (ECF No. 38), but the Court will withdraw that reference and resolve the motion because it is closely related to the Conversion Motion.

The Motion to Stay notes that Defendant has now filed the Rule 12(c) motion

---

[1] The Court further notes that Plaintiff's request for additional time to take discovery is, as framed, essentially a Rule 56(d) request.  But Rule 56(d) requires Plaintiff to "show[] *by affidavit or declaration* that, for specified reasons, [he] cannot present facts essential to justify [his] opposition" (emphasis added).  Plaintiff has provided no affidavit or declaration.

referenced above.  The primary argument in the Rule 12(c) motion is that Defendant deserves qualified immunity.  (ECF No. 36 at 4–12.)  The Motion to Stay accordingly argues that "when individual defendants raise the affirmative defense of qualified immunity[,] discovery should not be allowed until the threshold immunity question is resolved by the court."  (ECF No. 37 at 2.)  Of considerable import here, however, is the fact that Defendant fails to note the following: (1) Plaintiff filed his complaint on April 10, 2015 (ECF No. 1); (2) Defendant answered the complaint on May 21, 2015 (ECF No. 14), unlike former co-defendant Denver, which moved to dismiss (ECF No. 15); (3) a Scheduling Order was entered on *June 29, 2015* (ECF No. 27); and (4) some of the Scheduling Order's deadlines have already passed, such as the deadline for initial Rule 26(a)(1) disclosures and Rule 26(a)(2) expert disclosures (*id.* at 6, 8).

The undersigned has never seen a party intent on seeking a stay of discovery wait more than five months after answering the complaint, and more than four months after entry of a scheduling order, before actually moving for that relief.  Further, there is nothing in Defendant's Rule 12(c) motion or Motion to Stay explaining the delay.  Thus, whatever right Defendant may have had to a stay pending adjudication of qualified immunity, Defendant certainly forfeited that right by allowing discovery to proceed for several months without seeking a resolution of the stay issue.  The Court therefore denies Defendant's tardy Motion to Stay.

For the reasons set forth above, the Court ORDERS as follows:

1. Plaintiff's Amended Motion to Convert Defendant's Rule 12(c) Motion to a Rule 56 Motion and to Stay Briefing to Permit Discovery (ECF No. 41) is DENIED WITHOUT PREJUDICE;

2. The Memorandum referring Defendant's Motion to Stay Discovery and for Protective Order Related to Discovery Already Served to the Magistrate Judge (ECF No. 38) is WITHDRAWN;

3. Defendant's Motion to Stay Discovery and for Protective Order Related to Discovery Already Served (ECF No. 37) is DENIED; and

4. Plaintiff's deadline to amend his complaint is *sua sponte* EXTENDED to January 15, 2016.

Dated this 16th day of November, 2015.

BY THE COURT:

William J. Martinez
United States District Judge